JOHN W. SHARP

*v.*

MARTIN WYCKOFF et al.

Where the insufficiency of proof is due to the inadvertence of counsel, a cause may be ordered to stand over, after final hearing, for the purpose of supplying the additional proof.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. A. A. Clark*, for complainant.

*Mr. H. B. Herr*, for defendants Wyckoff and wife.

THE CHANCELLOR.

The defence is a tender by the mortgagor. The proof is defective. It does not show that the complainant knew or had reason to suppose, at the time the tender was made, that the person who made it did so for or in behalf of the mortgagor. After that time a demand was made upon the mortgagor, in behalf of the mortgagee, for the money due on the mortgage, and it is admitted that she could not, on that day, get it from the bank in which she had deposited it after the tender; but it does not appear when the demand was made—how long before the filing of the bill. The proof on the whole subject is meagre and insufficient. Application is made to add to it by re-examining the witnesses, or otherwise. In *Beckmann* v. *Hoboken Bank for Savings, 10 Stew. Eq. 331,* on appeal, the court of errors and appeals ordered that the proofs be opened to let in new testimony to establish the consideration of a deed successfully attacked in this court for fraud, although no application had been made in this court on the subject, and the applicant had been twice heard here. In the case in hand it seems that the insufficiency of the proof is due to inadvertence of counsel. The case will stand over for decision until after the additional proof shall have come in.